1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

| BILLY Y. TATEYAMA, | 2:11-CV-835 JCM (CWH) |

9                    Plaintiff,

10   v.

11   AT&T, INC., et al.,

12                    Defendants.

13

14                              **ORDER**

15        Presently before the court is defendant AT&T, Inc.'s (AT&T) motion for summary judgment.

16   (Doc. #41).  Plaintiff Billy Y. Tateyama has filed an opposition (doc. #42), to which AT&T has

17   replied (doc. #43).

18   **I. Factual Background**

19        Plaintiff was an employee at AT&T for more than twenty years before he retired.  (Compl.

20   at ¶ 11).  Plaintiff participated in the employee pension plan that was offered by AT&T.  *Id*. at ¶ 12.

21        According to the terms of the plan, when a retired participant reaches the age of 70 1/2, the

22   plan must distribute any and all accrued benefits.  *Id*. at ¶ 14.  The participant has the option of

23   receiving the funds in one lump sum or in annual installments.  *Id*.  The plan is also required to

24   provide participants with a written explanation as to the participant's right to elect how to receive

25   the funds.  *Id*.  This written explanation must be delivered to the participant at least thirty days before

26   the first disbursement.  *Id*.  The participant must inform the plan administrator of their payment

27   option within thirty days of receiving the written explanation or their election is deemed waived and

28

**James C. Mahan**
**U.S. District Judge**

the plan is distributed in one lump sum.  *Id*.

Plaintiff reached the age of 70 1/2 on July 28, 2008.  *Id.* at ¶ 15.  Plaintiff alleges that he did not receive the written explanation described above, but, had he received such notice, he would have elected to receive his funds in annual installments rather than a lump sum.  *Id*. at ¶ 16.  Plaintiff received a lump sum of his accrued benefits ($251,919.12) on or about January 5, 2009.  *Id*. at ¶ 17.  Plaintiff alleges that the plan deducted $117,880.00 in taxes as a result of receiving his benefits in a lump sum.  *Id*.

On April 24, 2009, plaintiff requested that his funds be returned and that he be allowed to elect to receive them in annual installments.  *Id*. at ¶ 18.  On May 21, 2010, plaintiff was notified that his appeal had been denied.  *Id*. at ¶ 19.  Upon denial of the appeal, AT&T informed plaintiff that he had exhausted his administrative remedies.  *Id*.  Plaintiff then filed the instant action under section 502 of ERISA.

In its motion for summary judgment, defendant submits that it sent plaintiff a letter on November 26, 2008, informing plaintiff of his rights and that plaintiff failed to act pursuant to the notice.  (Doc. #41 at 5:10 and 6:9-10).  Because plaintiff failed to take appropriate action, defendant argues that no genuine issue of material fact exists for trial.  (Doc. #41 at 2:21).  AT&T argues that the letter adequately informed plaintiff that he would receive a lump sum payment by electing a total distribution or by taking no action by December 17, 2008, and further explained that plaintiff could elect annual installments by contacting the service center by December 17, 2008.  (Doc. #41 at 5:22-26; Doc. #22-1 at 10-11 and 38-40).  Defendant alleges that, because plaintiff failed to respond to the letter, the terms of the plan required a check be issued to plaintiff for the lump sum of his benefits ($444,536.57), less the appropriate tax withholdings.  (Doc. #41 at 6:12-15; Doc. #22-1 at 3-4).

**II. Discussion**

    *A.*    *Standard of Review*

A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law."

**James C. Mahan**
**U.S. District Judge**

1   Fed. R. Civ. P. 56(c).  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court
2   explained that material facts are those which may affect the outcome of the case, and a dispute is
3   genuine where there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving
4   party.  *Id.* at 248.

5        A court may properly grant summary judgment when the contract terms are clear and
6   unambiguous, even if the parties disagree as to their meaning.  *See United States v. King Features*
7   *Entertainment, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin*
8   *Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir. 1985).  Interpretation of the contract, including whether
9   it is ambiguous, is a matter of law.  *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366,
10  369 (9th Cir. 1982).  Nevada courts have recognized that such questions are "suitable for
11  determination by summary judgment."  *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

12       *B.    Analysis*

13       Where an ERISA plan vests its administrator with discretionary authority to construe the
14  terms of the plan and award benefits accordingly, the district court may only review the
15  administrator's determinations for abuse of discretion.  *Firestone Tire & Rubber Co. v. Bruch*, 489
16  U.S. 101, 115 (1989).  A plan administrator's decision is considered an abuse of discretion if "it is
17  made without a rational connection between the known facts and the decision or between the found
18  facts and the evidence."  *Gothard v. Metropolitan Life Ins. Co.*, 491 F.3d 246 (5th Cir. 2007).
19  Further, when a court is reviewing an ERISA plan administrator's decision, "the court may not
20  merely substitute its view for that of the fact finder, and should consider whether the plan
21  administrator acted illogically, implausibly, or without support in inferences that could reasonably
22  be drawn from facts in the record."  *Kaufman v. Unum Life Ins. Co. Of America*, 834 F. Supp.2d
23  1186 (D. Nev. 2011).

24       If there is no alleged conflict of interest, a court may set aside the administrator's decision
25  only if it is deemed arbitrary and capricious.  *See Sznewajs v. United States Bancorp Amended &*
26  *Restated Supplemental Benefits Plan*, 572 F.3d 727, 733 (9th Cir. 2009); *Johnson v. District 2*
27  *Marine Engineers Beneficial Association-Associated Maritime Officers, Medical Plan*, 857 F.2d 514,

28

James C. Mahan
U.S. District Judge

- 3 -

1    516 (9th Cir. 1998) (holding that a decision is not arbitrary or capricious if it is "based on a

2    reasonable interpretation of the plan's terms and was made in good faith").  Furthermore, the court

3    must limit its review to the record used by the plan administrator.  *Abatie v. Alta Health & Life Ins.*

4    *Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc).

5          Plaintiff is not disputing receipt of his benefits, only that he disagrees with the manner in

6    which he received the funds.  ERISA only guarantees that a beneficiary will receive their vested

7    benefits but says nothing as to the method in which they will receive them.  *Alessi v. Raybestos-*

8    *Manhattan, Inc.*, 451 U.S. 504, 512 (1981).  "Whether [the plaintiff] received his benefits in the form

9    of an annuity or a lump-sum distribution, the amount paid to him would be actuarially equivalent."

10   *Oster v. Barco of California's Employees' Retirement Plan*, 869 F.2d 1215, 1218 (9th Cir. 1988).

11         Plaintiff has stated in his reply that the plan administrator's decision to deny his requests was

12   unreasonable but fails to provide any factual evidence as to why this court should agree. (Doc. #42

13   at 4:8-9).  A decision is considered to be arbitrary and capricious when it is made in "bad faith or

14   upon lack of factual foundation or when unsupported by substantial evidence."  *Fentron Industries,*

15   *Inc. v. National Shopmen Pension Fund*, 674 F.2d 1300, 1301 (9th Cir. 1982).  Here, there is no

16   evidence provided by plaintiff showing that the plan administrator in this case has ever granted

17   requests similar to plaintiff's in the past.  Furthermore, the administrator's decision was not arbitrary

18   or capricious.  It "adhered to the plain terms of the plan", therefore the court has no  control over the

19   decision.  *See Firestone v. Bruch,* 489 U.S. at 115; *see also Sznewajs v. United*, 572 F.3d at 733;

20   (Doc. #22-1 at 4-5; 22-2 at 16-17 and 38-39; and 22-3 at 9-10)

21         Plaintiff's argument that he never received the notice requiring him to respond by December

22   17, 2008, is not supported by any evidence.  Furthermore, defendant has provided evidence that on

23   November 26, 2008, the Service Center mailed the notification to plaintiff.  (Doc. #22-1 at 03),

24   including a redacted excerpt of the mailing label containing plaintiff's name and address which was

25   attached to the list of those who were mailed the November 26, 2008 letter.  (Doc. #22-1 at 10 and

26   20).  The plan administrator's decision was not only logical, but it was also well supported by the

27   facts provided by the record.  Therefore, this court may not supersede the plan administrator's

28

**James C. Mahan**
**U.S. District Judge**

1    decision. *See Kaufman v Unum*, 834 F. Supp.2d 1186 (2011) (holding that a court is not at liberty

2    to substitute its own judgment for that of the plan administrator's decision when interpreting policy.).

3          Here, plaintiff first contacted the plan administrator, via letter, about his objections to the

4    plan distribution in late April of 2009, well after the December 17, 2008, deadline. (Doc. #41 at

5    6:16-17; Doc. #22-2 at 9).  Similarly, plaintiff's reason for his delayed election – that he flew to

6    Chicago on December 27, 2008, to help care for his dying mother-in-law – does not fully explain

7    his tardiness.  The flight to Chicago was ten days *after* the response deadline.  (Doc. #22-2 at 9).

8          Accordingly,

9          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AT&T's motion for

10   summary judgment (doc. #41) be, and the same hereby is, GRANTED.

11         IT IS FURTHER ORDERED that defendant shall prepare an appropriate judgment for the

12   court's consideration.

13         DATED July 31, 2012.

14

15   _____

16   **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -